

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsioana, Texas

Dear Sir:

Opinion No. 0-4699
Re: Is a county health officer
entitled to extra compensa-
tion for holding an autopsy,
and related questions?

Your letter of recent date requesting the opinion of this department on the questions stated therein reads as follows:

"Our county has a regularly appointed Health Officer, who receives for his services a monthly salary.

"A short time back we had a shooting and the District Attorney ordered an autopsy held, and our Health Officer says he is entitled to an extra fee for holding this autopsy. Would you please advise me if he is entitled to more compensation, or is this part of his regular duties as Health Officer?

"If he is entitled to an extra fee in this kind of case, what is the correct procedure, and does the District Attorney have the right to order an autopsy held?"

Article 970, Vernon's Annotated Code of Criminal Procedure provides:

"Upon an inquest held to ascertain the cause of death the justice shall, if he deems it neces-sary, call in the county health officer, or, if there be none, or if it be impracticable to secure his services, then some regular physician, to make

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. Y. Cunningham, Page 2

an autopsy in order to determine whether the death was occasioned by violence; and if so, its nature and character. The county in which such inquest and autopsy is held shall pay to the physician making such autopsy a fee of not less than ten nor more than fifty dollars, the excess over ten dollars to be determined by the commissioners court after ascertaining the amount and nature of the work performed in making such autopsy."

It will be noted that the above quoted statute authorizes only the Justice of the Peace, upon inquest held to ascertain the cause of death, to call in the county health officer, or, if there be none, or if it be impracticable to secure his services, then some regular physician, to make an autopsy in order to determine whether the death was occasioned by violence; and if so, its nature and character. This statute does not authorize the District Attorney to call in the county health officer or some regular physician to make an autopsy. We have been unable to find any statute authorizing the District Attorney to have the county health officer or some other physician to make an autopsy. Therefore, it is our opinion that the District Attorney does not have the legal authority or power to order an autopsy held. Under the facts stated in your inquiry, it is our further opinion, that the county health officer is not entitled to any extra compensation for the services performed.

Article 4423, Vernon's Annotated Civil Statutes reads as follows:

"The commissioners court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and, until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

Honorable E. Y. Cunningham, Page 3

Whether or not a county health officer is entitled to extra compensation for an autopsy made by him upon request of the Justice of the Peace under Article 970, supra, is not before us and we express no opinions with reference to the same.

This opinion merely holds that the District Attorney does not have any legal authority or power to order an autopsy held and that under the facts stated in your letter the county health officer is not entitled to any compensation for the services performed by him although ordered or requested to perform such services by the District Attorney.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:mp
APPROVED AUG 4, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY CHAIRMAN